# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER M. ARENA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NAVARRO, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00617-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 9)<br><br>ORDER DIRECTING CLERK OF COURT TO FORWARD ORDER TO WARDEN OF CALIFORNIA STATE PRISON, CORCORAN |

　　　　Plaintiff Peter M. Arena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　Service on Warden**

　　　　Plaintiff has raised serious and concerning allegations regarding past and ongoing retaliation he has faced at the hands of correctional staff at California State Prison, Corcoran. This retaliation has apparently been recently perpetrated, at least in part, by correctional staff named as defendants in the instant lawsuit, which itself alleges that Plaintiff has suffered retaliation—in the form of beatings at the hands of correctional staff and denial of medical care following the attacks—for filing grievances and reporting staff misconduct. Such allegations, if true, are of great concern to the Court. Such retaliation includes officers obstructing Plaintiff's access to the prison grievance system, depriving Plaintiff of food and exacerbating an existing medical condition, threatening and carrying out physical attacks for Plaintiff's filing of lawsuits

and grievances, and delaying or depriving Plaintiff of needed medical care following these attacks. In light of the seriousness of these allegations, the Court finds it appropriate to serve a copy of this order on the Warden of California State Prison, Corcoran, that he might be made aware of the allegations Plaintiff has raised against these officers and take any appropriate actions that are warranted under the circumstances.

**II     Motion to Appoint Counsel**

Currently before the Court is Plaintiff's motion to appoint counsel, filed June 18, 2020. (ECF No. 9.) In his motion, Plaintiff states that he cannot afford to hire a lawyer, his imprisonment will greatly limit his ability to litigate this case, and a lawyer would assist Plaintiff to apply the law properly to the complex issues in this case and assist Plaintiff in present evidence and cross examining witnesses at trial. Plaintiff states that he suffers brain damage, impulse control problems, and severe mental illness, and has required assistance in filing this suit. Plaintiff further alleges that after filing this lawsuit, he received retaliation, death threats, denial of food, and constant harassment. (Id.)

Plaintiff reports that on May 18, 2020, Sergeants Moreno and Encinas threatened him and that a false RVR was authored against Plaintiff on the same date. Both Sergeants told Plaintiff he will be beaten again and all his property taken, for reporting staff misconduct. Lieutenant Ruiz has also told Plaintiff that now he will be beaten. Plaintiff states that he fears for his life. (Id.)

Plaintiff further reports that on May 24, 2020, Correctional Officer Allison came to Plaintiff's cell door and threatened to attack him again for filing this lawsuit. Plaintiff states that he fears for his safety and has already requested a restraining order, but superiors at the institution allow and assist officers in criminal attacks as retaliation for reporting abuse. Plaintiff alleges that he has submitted administrative appeals against all retaliation received, but the appeals are not being processed and are being removed from the mail by Sergeant Moreno (a named defendant in this suit). Plaintiff states that his legal mail is opened when addressed to any investigative office, and is not mailed out. In addition, because Plaintiff is diabetic and takes medication to lower his blood sugar, he becomes sick when he is denied food. (Id.)

Plaintiff also states that he was brutally attached again on May 25, 2020, in retaliation for

filing this suit, resulting in injury to both shoulders and his left arm and wrist, rendering him unable to write properly and function with either arm.  Plaintiff states that the attack was carried out by Sergeant Moreno and six or seven more officers, and he was denied medical treatment for his serious injuries.  At some later date, it appears Plaintiff was transported to an outside hospital to receive surgery from the attack by Officers Cervantes, Ceda, Ceja, Berlanger, and Sergeant Moreno.  Plaintiff claims that the attack was in retaliation for filing suit.  Plaintiff requests that the Court appoint him counsel to represent him in this case.[1]  (Id.)

### III.     Discussion

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28

---

[1]     The Court notes that despite the serious allegations Plaintiff has made concerning the physical retaliation he faces at the hands of correctional staff, the only specific relief he seeks in this motion is for the appointment of counsel.  In the future, if Plaintiff seeks a more specific form of relief from the Court, such a request might be more appropriately made as a motion for preliminary injunction against specific officers.  For Plaintiff's reference, the legal standards for a motion for preliminary injunction are provided below.

"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general.  Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding.  Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

U.S.C. § 1915(e)(1).  Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, including the concerning allegations regarding retaliation he has suffered at the hands of the correctional officers named as defendants in this suit, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and suffering from psychological and physical ailments almost daily.  These litigants also must conduct legal research and learn to follow Court orders without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Plaintiff's complaint has not yet been screened to determine whether it states cognizable claims upon which it may proceed.  Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

**IV.    Order**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel, (ECF No. 9), is DENIED, without prejudice; and

///

///

///

///

2. The Clerk of the Court is directed to forward a copy of this order and Plaintiff's motion, (ECF No. 9), to the Warden of California State Prison, Corcoran, that the Warden might be made aware of the serious allegations Plaintiff has raised regarding ongoing retaliation and physical abuse for filing the instant lawsuit.

IT IS SO ORDERED.

Dated:  **June 22, 2020**          /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE