1
2
3
4
5
6
7
8 # UNITED STATES DISTRICT COURT

9 ### EASTERN DISTRICT OF CALIFORNIA

10

11 PETER M. ARENA,

Case No. 1:20-cv-00617-BAM (PC)

12 Plaintiff,

ORDER DENYING MOTION TO APPOINT COUNSEL

13 v.

(ECF No. 27)

14 NAVARRO, *et al.*,

15 Defendants.

16

17    Plaintiff Peter M. Arena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

18 *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on

19 Plaintiff's first amended complaint against Defendants Medina, Allison, Ramos, Pacheco, and

20 Navarro for excessive force in violation of the Eighth Amendment.

21    Currently before the Court is Plaintiff's motion for appointment of counsel, filed April 30,

22 2020.  (ECF No. 27.)  In his motion, Plaintiff states that he cannot afford to hire a lawyer, his

23 imprisonment will greatly limit his ability to litigate this case, and the issues in this case are

24 complex and a lawyer would help Plaintiff to apply the law properly in briefs and before the

25 Court.  Plaintiff further argues that a lawyer would assist Plaintiff in the presentation of evidence

26 and the cross examination of opposing witnesses at trial, and that he has made every effort to

27 obtain a lawyer despite constant retaliation by prison staff, including mail tampering and threats

28 and beatings in retaliation for litigating this suit.  Plaintiff states that he also suffers from severe

mental disability, including bipolar disease, schizoaffective disorder, brain injury, brain damage, and hallucinations which require Plaintiff to be a part of the EOP mental health system and take psychotropic medications which render Plaintiff disabled and unable to properly litigate this suit without a lawyer. Plaintiff is also ADHD. (*Id.*)

Defendants have not yet had an opportunity to file a response, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and who suffer from mental health conditions almost daily. These litigants also must conduct legal research and litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Defendants have filed a motion for summary judgment that is pending before the Court, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

///

Finally, the Court notes that in reference to the allegations that Plaintiff is suffering retaliation at the hands of correctional officers as a result of filing this lawsuit, those allegations are more properly brought in a separate civil rights complaint, not in this action.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 27), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **May 3, 2021**                    /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE