# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER M. ARENA,<br><br>        Plaintiff,<br><br>   v.<br><br>NAVARRO, *et al.*,<br><br>        Defendants. | Case No.  1:20-cv-00617-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY AND TO MODIFY DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 43) |

      Plaintiff Peter M. Arena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Medina, Allison, Ramos, Pacheco, and Navarro for excessive force in violation of the Eighth Amendment.  All parties have consented to the jurisdiction of a United States Magistrate Judge for all further proceedings in this action, including trial and entry of judgment.  (ECF No. 35.)

      On March 25, 2021, the Court issued a Discovery and Scheduling Order setting the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) for February 3, 2022.  (ECF No. 24.)  On April 16, 2021, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies.  (ECF No. 26.)  Plaintiff's May 28, 2021 opposition to the summary judgment motion was accepted as timely.  (ECF Nos. 36, 37.)  Following an extension of time, Defendants' reply was

1 timely filed on June 17, 2021.  (ECF No. 40.)  The motion is fully briefed.

2 Currently before the Court is Defendants' motion to stay discovery and to modify the
3 discovery and scheduling order.  (ECF No. 43.)  Defendants move to stay discovery and to vacate
4 the remaining deadlines in the Court's Discovery and Scheduling Order pending resolution of
5 Defendants' motion for summary judgment on the issue of exhaustion.  (*Id.*)  Plaintiff has not yet
6 filed a response, but the Court finds a response unnecessary and the motion is deemed submitted.
7 Local Rule 230(l).

8 Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and
9 with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily
10 considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations,*
11 *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot
12 reasonably be met despite the diligence of the party seeking the extension." *Id.*  If the party was
13 not diligent, the inquiry should end. *Id.*

14 Defendants state that good cause exists to grant the motion because Defendants exercised
15 due diligence in bringing the motion for summary judgment and the instant motion to modify the
16 discovery and scheduling order.  (ECF No. 43-1.)  Defendants filed their motion for summary
17 judgment within one month of the Court issuing the Discovery and Scheduling Order, and
18 vacating these deadlines will avoid the expenditure of resources by the parties in conducting
19 discovery and filing motions concerning the merits of the case.  Defendants argue that these tasks
20 will be needless if the Court grants Defendants' motion for summary judgment, which would
21 dispose of the case.  Defendants therefore request that the Court stay discovery and vacate the
22 discovery and dispositive motion deadlines pending resolution of Defendants' motion for
23 summary judgment on the issue of exhaustion.  (*Id.*)

24 Having considered Defendants' moving papers, the Court finds good cause to modify the
25 Discovery and Scheduling Order.  The Court finds it would be an efficient use of the resources of
26 the Court and the parties to address any exhaustion issues prior to reaching the merits of this
27 action.  The Court further notes that a stay of <u>merits-based</u> discovery does not prevent the parties
28 from conducting any further discovery needed to address the issue of whether Plaintiff exhausted

his administrative remedies.  Finally, the Court finds that the continuance granted here will not result in prejudice to Plaintiff.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to modify the scheduling order, (ECF No. 43), is GRANTED;
2. Merits-based discovery (not including discovery related to the issue of exhaustion) is STAYED;
3. The discovery and dispositive motion deadlines are VACATED; and
4. As necessary and appropriate, the Court will reset the deadlines following resolution of the pending motion for summary judgment for failure to exhaustion administrative remedies.

IT IS SO ORDERED.

Dated:   **September 27, 2021**         /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

3