# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER M. ARENA,<br><br>    Plaintiff,<br><br>    v.<br><br>NAVARRO, *et al.*,<br><br>    Defendants. | Case No.  1:20-cv-00617-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS<br><br>(ECF No. 46) |

Plaintiff Peter M. Arena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Medina, Allison, Ramos, Pacheco, and Navarro for excessive force in violation of the Eighth Amendment.  All parties have consented to the jurisdiction of a United States Magistrate Judge for all further proceedings in this action, including trial and entry of judgment.  (ECF No. 35.)

On April 16, 2021, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies.  (ECF No. 26.)  Plaintiff's May 28, 2021 opposition to the summary judgment motion was accepted as timely.  (ECF Nos. 36, 37.)  Following an extension of time, Defendants' reply was timely filed on June 17, 2021.  (ECF No. 40.)  The motion is fully briefed.

///

1    On September 27, 2021, the Court granted Defendants' motion to stay merits-based discovery and to vacate the existing discovery and dispositive motion deadlines pending resolution of Defendants' motion for summary judgment for failure to exhaust administrative remedies.  (ECF No. 44.)

Currently before the Court is Plaintiff's request for a stay of proceedings, filed October 7, 2021.[1]  (ECF No. 46.)  Plaintiff requests that the Court grant an extension of six months or a stay of further proceedings in his case due to a scheduled surgery on his left shoulder on October 29, 2021.  Plaintiff states that he will be rendered disabled until recovery and he will be unable to use his left hand to write and respond to motions by the Defendants or the Court.  (*Id.*)

Defendants filed a statement of non-opposition on October 12, 2021.  (ECF No. 48.)  Defendants state that they do not oppose certain of Plaintiff's requests.  Specifically, Defendants do not oppose a 45-day "stay" on a decision by the Court regarding the submitted summary judgment motion, or a stay on discovery, which is a moot issue in light of the Court's order staying merits discovery.  However, Defendants do not waive their right to object to, oppose, or respond to any briefing by Plaintiff that has been, or will be filed, if needed.  Defendants further object to any request seeking to stay Defendants' ability to file any motion for a certain period of time, on the basis that Plaintiff has failed to show good cause for this request, including that Plaintiff has not submitted any evidence that he is undergoing surgery on October 29, 2021, or that he needs a six-month period to recover or that Plaintiff will be unable to litigate this case during his recovery.  (*Id.*)  Plaintiff has not yet had an opportunity to file a reply, but the Court finds a further response unnecessary.  The motion is deemed submitted.

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  "Generally, stays should not be indefinite in nature."  *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007).

---

[1] Plaintiff also filed an "Opposition of the Defendants' Motion to Stay Discovery and Modify Discovery and Scheduling Order" on October 7, 2021.  (ECF No. 47.)  This appears to be a sur-reply to Defendants' reply to their motion for summary judgment.  The Court will not address the merits or propriety of this filing in the instant order.

If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden of establishing the need to stay the action. *Clinton*, 520 U.S. at 708.

Here, Plaintiff has not carried his burden of establishing the need to stay this action. Defendants' fully briefed exhaustion summary judgment motion is currently pending before the Court, and the Court has already stayed all merits-based discovery and vacated the existing discovery and dispositive motion deadlines. Plaintiff has not identified any particular motion or deadline which he wishes to be extended, and the Court is not aware of any at this time. The Court declines to impose a six-month extension of any future deadlines, or an indefinite stay of this action, based solely on Plaintiff's assertion that he will be undergoing surgery on his left shoulder. Although Defendants do not oppose a 45-day "stay" of the Court's decision on the pending summary judgment motion, the Court declines to impose such a delay. The Court will review the summary judgment motion in due course.

If any deadlines are set in the future, and Plaintiff believes that he will be unable to meet them due to his continued recovery from surgery, Plaintiff may send the Court a motion requesting an extension of time on that basis. The motion may be short.

Accordingly, Plaintiff's motion for a stay of these proceedings, (ECF No. 46), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:  **October 12, 2021**          /s/ *Barbara A. McAuliffe*  _
                                       UNITED STATES MAGISTRATE JUDGE

3