# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

PETER M. ARENA,

        Plaintiff,

    v.

NAVARRO, *et al.*,

        Defendants.

Case No.  1:20-cv-00617-BAM (PC)

ORDER DENYING DEFENDANTS'
MOTION TO STRIKE SUR-REPLY
(ECF No. 50)

ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
(EXHAUSTION)
(ECF No. 26)

ORDER LIFTING STAY OF DISCOVERY
AND RESETTING DISCOVERY AND
DISPOSITIVE MOTION DEADLINES

Discovery Deadline: **December 8, 2023**
Dispositive Motion Deadline: **February 9,
2024**

I.      **Background**

Plaintiff Peter M. Arena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Medina, Allison, Ramos, Pacheco, and Navarro for excessive force in violation of the Eighth Amendment.  All parties have consented to United States Magistrate Judge jurisdiction.  (ECF No. 35.)

On April 16, 2021, Defendants filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies before filing suit, as required by the Prison

Litigation Reform Act.[1]  Fed. R. Civ. P. 56(c), *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 574 U.S. 968 (2014).  (ECF No. 26.)  Plaintiff timely filed an opposition on May 28, 2021, (ECF No. 36), and Defendant timely filed a reply on June 17, 2021, (ECF No. 40).

On September 27, 2021, the Court granted Defendants' motion to modify the discovery and scheduling order, stayed merits-based discovery, and vacated the discovery and dispositive motion deadlines pending disposition of the exhaustion summary judgment motion.  (ECF No. 44.)

On October 7, 2021, Plaintiff filed an "Opposition of the Defendants Motion to Stay Discovery and Modify Discovery and Scheduling Order."  (ECF No. 47.)  Construing the filing as an unauthorized sur-reply to Defendants' motion for summary judgment, Defendants filed a motion to strike on October 14, 2021.  (ECF No. 50.)  Plaintiff did not file a response.

The motion for summary judgment and motion to strike are deemed submitted.  Local Rule 230(l).

## II.     Defendants' Motion to Strike

Generally, parties do not have the right to file sur-replies, and motions are deemed submitted when the time to reply has expired.  Local Rule 230(l).  The Court generally views motions for leave to file sur-replies with disfavor.  *Hill v. England*, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing *Fedrick v. Mercedes–Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)).  However, district courts have the discretion to either permit or preclude a sur-reply.  *See U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); *JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file sur-reply where it did not consider new evidence in reply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).  In this Circuit,

---

[1] Concurrent with this motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment.  *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988).  (ECF No. 26-5.)

1    courts are required to afford *pro se* litigants additional leniency.  *E.g., Wilhelm v. Rotman*, 680

2    F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v.*

3    *Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th

4    Cir. 2010).

5         Here, Plaintiff did not seek leave of Court before filing his sur-reply, nor did he respond to

6    the motion to strike explaining why his sur-reply should be considered.  While the Court agrees

7    that portions of Plaintiff's sur-reply constitute "new" evidence, the evidence itself does not alter

8    the findings and recommendations that the Court will make regarding the motion for summary

9    judgment, as detailed below.  Defendant's motion to strike is therefore denied.

10   **III.   Legal Standards**

11        **A.   Statutory Exhaustion Requirement**

12        Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action

13   shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal

14   law, by a prisoner confined in any jail, prison, or other correctional facility until such

15   administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is

16   required regardless of the relief sought by the prisoner and regardless of the relief offered by the

17   process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to

18   all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

19        The failure to exhaust is an affirmative defense, and the defendants bear the burden of

20   raising and proving the absence of exhaustion.  *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino*,

21   747 F.3d at 1166.  "In the rare event that a failure to exhaust is clear on the face of the complaint,

22   a defendant may move for dismissal under Rule 12(b)(6)."  *Albino*, 747 F.3d at 1166.  Otherwise,

23   the defendants must produce evidence proving the failure to exhaust, and they are entitled to

24   summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most

25   favorable to the plaintiff, shows he failed to exhaust.  *Id.*

26        Defendant must first prove that there was an available administrative remedy and that

27   Plaintiff did not exhaust that available remedy.  *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th

28   Cir. 2015) (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted).  The burden then shifts to

1   Plaintiff to show something in his particular case made the existing and generally available

2   administrative remedies effectively unavailable to her.  *Williams*, 775 F.3d at 1191 (citing *Albino*,

3   747 F.3d at 1172) (quotation marks omitted).  The ultimate burden of proof on the issue of

4   exhaustion remains with Defendant.  *Id.* (quotation marks omitted).

5        **B.     Summary Judgment Standard**

6        Any party may move for summary judgment, and the Court shall grant summary judgment

7   if the movant shows that there is no genuine dispute as to any material fact and the movant is

8   entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino*,

9   747 F.3d at 1166; *Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  Each

10  party's position, whether it be that a fact is disputed or undisputed, must be supported by

11  (1) citing to particular parts of materials in the record, including but not limited to depositions,

12  documents, declarations, or discovery; or (2) showing that the materials cited do not establish the

13  presence or absence of a genuine dispute or that the opposing party cannot produce admissible

14  evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may

15  consider other materials in the record not cited to by the parties, although it is not required to do

16  so.  Fed. R. Civ. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir.

17  2001); *accord Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

18       The defendant bears the burden of proof in moving for summary judgment for failure to

19  exhaust, *Albino*, 747 F.3d at 1166, and he must "prove that there was an available administrative

20  remedy, and that the prisoner did not exhaust that available remedy," *id.* at 1172.  If the defendant

21  carries his burden, the burden of production shifts to the plaintiff "to come forward with evidence

22  showing that there is something in his particular case that made the existing and generally

23  available administrative remedies effectively unavailable to him."  *Id.*  "If undisputed evidence

24  viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is

25  entitled to summary judgment under Rule 56."  *Id.* at 1166.  However, "[i]f material facts are

26  disputed, summary judgment should be denied, and the district judge rather than a jury should

27  determine the facts."  *Id.*

28  ///

4

**C.**     *Saddozai v. Davis*

During the pendency of the motion for summary judgment, the United States Court of Appeals for the Ninth Circuit decided the case of *Saddozai v. Davis*, 35 F.4th 705 (9th Cir. 2022). The parties have not filed any briefs addressing the potential effect of *Saddozai* on the instant action, nor does the Court find further briefing necessary.

In *Saddozai*, the Ninth Circuit held that "a prisoner who has fully complied with the PLRA's exhaustion requirement need not file an entirely new federal case simply because he had not exhausted when he filed his original federal complaint." *Id.* at 706.  Accordingly, the Ninth Circuit reversed the district court's dismissal of the plaintiff's third amended complaint on grounds including failure to exhaust prior to commencing suit, holding that the PLRA's exhaustion requirements apply based on the filing date of the *operative* complaint.  *Id.* at 708 (emphasis added).  Further, because a supplemental complaint can defeat an affirmative defense applicable to an earlier complaint, Federal Rule of Civil Procedure 15 allows prisoners to supplement a complaint to add facts regarding administrative exhaustion.  *Id.* at 709.

**IV.    Discussion**

**A.     Summary of CDCR's Administrative Review Process**

At the relevant time, "[t]he California prison grievance system ha[d] three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (repealed June 1, 2020) & *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010)).  *See also* Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies….") (repealed June 1, 2020).

Pursuant to this system, an inmate may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his . . . health, safety, or welfare." *Id.* at § 3084.1(a).

///

The process was initiated by submitting a CDCR Form 602, Inmate/Parolee Appeal.  *Id.* at § 3084.2(a).  In the appeal form, prisoners must list all staff members involved and describe their involvement in the issue.  *Id.* at § 3084.2(a)(3).  If the inmate does not have the requested identifying information about the staff member, he must provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member in question.  *Id.*

### B.    Undisputed Material Facts (UMF)[2]

In light of the Ninth Circuit's decision in *Saddozai v. Davis*, discussed above, the universe of material facts has significantly narrowed since the parties' submissions of factual statements and supporting evidence.  Therefore, only those facts material under *Saddozai* are set forth here.

1.  At all times relevant to the First Amended Complaint, Plaintiff was a state inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), incarcerated at California State Prison – Corcoran ("CSP-COR") in Corcoran, California. (First Am. Compl, ECF No. 13, p. 6.)

2.  Plaintiff claims that on June 17, 2019, Defendants Navarro, Medina, Ramos-Martinez, Allison, and Barrera-Pacheco punched and kicked him in the head, face, and ribs and stomped on his legs and feet while he laid face down in restraints on the tier in front of his cell.  (*Id.* at 3–4.)

3.  CDCR has an inmate grievance process for non-medical inmate grievances.  (Williams Decl., ¶¶ 2–4; Moseley Decl., ¶¶ 3–5.)

4.  The grievance process contains three levels of review: an inmate must proceed through the third level of review in order to complete the grievance process.  (Williams Decl., ¶ 2.)

---

[2] *See* Defendants' Separate Statement of Undisputed Material Facts in Support of Motion for Summary Judgment (Exhaustion).  (ECF No. 26-2.)  Plaintiff did not comply with the rules in preparing his opposition, including by failing to reproduce Defendants' Statement of Undisputed Facts and providing "a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support" of any disputed facts, or providing a statement of disputed facts.  Local Rule 260(b).  As a result, Defendants' Statement of Undisputed Facts is accepted except where brought into dispute by Plaintiff's verified first amended complaint or portions of Plaintiff's opposition to the summary judgment motion that are signed under penalty of perjury.  *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence); *Johnson v. Meltzer*, 134 F.3d 1393, 1399–1400 (9th Cir. 1998) (same, with respect to verified motions).  Unless otherwise indicated, disputed and immaterial facts are omitted from this statement and relevant objections are overruled.

5.  From June 17, 2019 (the day of the incident) through April 30, 2020 (the date Plaintiff filed his initial Complaint), Plaintiff filed only one non-medical appeal to the first and second level of review at CSP-COR that concerned the allegations at issue in the Second Amended Complaint—Appeal No. CSP-19-04353.  (*Id.* ¶ 6.)

6.  Plaintiff submitted Appeal No. CSP-COR-04353 on July 2, 2019.  (*Id.* ¶ 7.)

7.  In Appeal No. CSP-COR-04353, Plaintiff claimed that on June 17, 2019, he was attacked by Defendants Navarro, Medina, Ramos-Martinez, Barrera-Pacheco, and Allison during a cell extraction at CSP-COR.  (*Id.*)

8.  Plaintiff filed his Complaint on April 30, 2020, while the OOA was still in the process of reviewing Appeal No. CSP-COR-04353 at the third level of review.  (Compl., ECF No. 1, p. 6; *see* Moseley Decl., ¶¶ 6–7.)

9.  On June 4, 2020, the OOA issued its Third Level Response.  Appeal No. CSP-COR-04353 was denied, and it was determined that CDCR policy was not violated.  (Moseley Decl., ¶ 7, Ex. B at Moseley.009.)

10.  The Third Level Decision dated June 4, 2020 stated: "This decision exhausts the administrative remedies available to the claimant with CDCR."  (Moseldy Decl., Ex. B at Moseley.010.)

11.  Plaintiff filed his First Amended Complaint, the operative complaint, on December 3, 2020.  (First Am. Compl., ECF No. 13.)

**C.      Parties' Positions**

Defendant seeks summary judgment on the ground that CSP-COR and CDCR had an administrative grievance process for addressing issues affecting inmates, Plaintiff availed himself of that process and was able to fully exhaust his administrative remedies on June 4, 2020, but he did not do so *before* filing the Complaint in this case on April 30, 2020.  The existing and generally available administrative remedies were also not rendered "effectively unavailable" to Plaintiff by fears of retaliation or by delay.  (ECF No. 26-1.)

Plaintiff argues that summary judgment should be denied because this suit was filed and accepted by the Court under the "imminent danger" exception, extensive delays by reviewers and

1  due to the COVID-19 epidemic made any reasonable relief by CDCR unavailable, and Plaintiff

2  was given false information by a CDCR staff member claiming that his remedies were in fact

3  exhausted.  Plaintiff therefore acted in good faith when he filed his civil action seeking relief.

4  (ECF No. 36.)

5        In reply, Defendant contends that the "imminent danger" exception does not excuse

6  Plaintiff's failure to exhaust his administrative remedies prior to filing suit, any delay in

7  responding to Plaintiff's grievance did not render his available administrative remedies

8  unavailable, and Plaintiff did not receive false information by a CDCR staff member regarding

9  the exhaustion of his administrative remedies.  (ECF No. 40.)

10      **D.**    **Analysis**

11        The Court need not reach the parties' arguments regarding the applicability of the

12  "imminent danger" exception, or whether any retaliation or delay made the administrative

13  grievance process effectively unavailable to Plaintiff.  The Court finds that Defendants have not

14  satisfied the initial burden of demonstrating non-exhaustion.  *See Albino*, F.3d at 1172.

15        Plaintiff initiated this action on April 30, 2020, with the filing of the initial Complaint,

16  before Plaintiff's administrative remedies were exhausted.  UMF No. 8.  Plaintiff's administrative

17  remedies as to the claims at issue in this action were exhausted on June 4, 2020, when the OOA

18  issued its Third Level Response.  UMF Nos. 9, 10.  Plaintiff filed his First Amended Complaint,

19  which became and remains the operative complaint in this action, on December 3, 2020.  UMF

20  No. 11.

21        "[A]n amended complaint supersedes the original, the latter being treated as thereafter

22  non-existent."  *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citations

23  omitted).  Where an amended pleading has been filed in a prisoner case, the Ninth Circuit

24  accordingly has treated its filing date as the relevant date for purposes of PLRA exhaustion

25  analysis.  First, in *Rhodes v. Robinson*, 621 F.3d 1002 (9th Cir. 2010), the Court of Appeals held

26  that newly-exhausted claims could be added by amendment in a pending case.  Next, in *Jackson*

27  *v. Fong*, 870 F.3d 928 (9th Cir. 2017), the court held that an amended complaint filed after a

28  plaintiff's release from custody was no longer subject to the exhaustion requirement at all,

1    because at the time of filing the plaintiff was no longer a prisoner.  *Id.* at 934.  Most recently, in

2    *Saddozai*, the Ninth Circuit held that initial non-exhaustion could be cured by amendment

3    following exhaustion.  35 F.4th at 708.

4           Pursuant to *Saddozai v. Davis*, the Court finds that because Plaintiff's claims were

5    exhausted on June 4, 2020, six months before the operative first amended complaint was filed on

6    December 3, 2020—facts undisputed by either party—the non-exhaustion defense necessarily

7    fails.

8    **IV.    Order**

9           Based on the foregoing, IT IS HEREBY ORDERED as follows:

10   1.  Defendants' motion for summary judgment for failure to exhaust, (ECF No. 26), is

11       DENIED;

12   2.  The stay of discovery is LIFTED;

13   3.  The deadline for the completion of all merits-based discovery, including filing all motions

14       to compel discovery, shall be **December 8, 2023**.  Absent good cause, discovery motions

15       will not be considered if filed after the discovery deadline.  Therefore, discovery requests

16       and deposition notices must be served sufficiently in advance of the discovery deadline to

17       permit time for a response and time to prepare and file a motion to compel;

18   4.  The deadline for filing all dispositive motions (other than a motion for summary judgment

19       for failure to exhaust) shall be **February 9, 2024**; and

20   5.  Any request for an extension of these deadlines must be filed on or before the expiration

21       of the deadline.  However, the parties are advised that an extension of time will only be

22       granted upon a clear showing of good cause.

23

     IT IS SO ORDERED.
24

25   Dated:   __September 6, 2023__          ___/s/ *Barbara A. McAuliffe*___

26                                          UNITED STATES MAGISTRATE JUDGE

27

28

9